IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JASON O. CAMPBELL<br>1934 Brandon Ave. SW<br>Apt. A<br>Roanoke, VA  24015<br>       Plaintiff<br>v.<br><br>SPECIALIZED SAW & MOWER, INC.<br>       Defendant | Case No. 7:16cv00327<br><br>COMPLAINT FOR UNPAID OVERTIME UNDER FLSA AND BREACH OF CONTRACT FOR WAGES |

## INTRODUCTION

1.  Plaintiff Jason O. Campbell ("Mr. Campbell") has initiated the instant action to redress violations by defendant Specialized Saw & Mower Inc. ("Defendant Employer") of the Fair Labor Standards Act ("FLSA"). Mr. Campbell asserts that defendant employer failed to pay proper overtime compensation wages to him in violation of the FLSA.

2.  Mr. Campbell also asserts a breach of contract claim under Virginia law against Defendant Employer for its failure to compensate him for certain hours worked under 40 hours per week during his tenure of employment.

## JURISDICTION AND VENUE

3.  This Court has original subject matter jurisdiction over the FLSA action pursuant to 29 U.S.C. § 201 et seq., and 28 U.S.C. § 1331 because Mr. Campbell's claims arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq., and the Wage and Hour Division of the Department of Labor, 29 C.F.R. §541.0 et seq. Defendant Employer is subject to FLSA as a business that engages in interstate

commerce.

4. This Court has pendant jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367 since the state claim is substantially related to, and part of the same case or controversy found in, the FSLA claim.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant Employer is located within and/or conducts business in this judicial district and because all or a substantial part of the acts and/or omissions giving rise to the claims set forth below occurred in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff Jason O. Campbell is a natural person who resides in Roanoke, Virginia. During all relevant times, he was employed by Defendant Employer as a small engine mechanic in Defendant Employer's facility located in Salem, Virginia.

7. Defendant Employer, Specialized Saw & Mower, Inc., is a Virginia corporation engaged in commerce and headquartered in Salem, Virginia.

8. Mr. Campbell began working for Defendant Employer on or about April 1, 2015. Mr. Campbell's employment ended on November 28, 2015.

9. Mr. Campbell's starting wage was $9 per hour for his first two weeks of employment.

10. During those first two weeks of employment, Mr. Campbell earned about $13.50 per hour for hours worked overtime.

11. On or about April 10, 2015, Defendant Employer began paying Mr. Campbell $475 per week, which amounts to $11.875 per hour in a 40-hour work week.

12. Defendant Employer did not increase the pay of Mr. Campbell when Mr.

Campbell worked more than 40 hours per week.

13. Defendant Employer reduced Mr. Campbell's earnings when he worked less than 40 hours per week, despite his usual pay of $475 per week.

14. While his hours of work varied throughout his employment, Mr. Campbell frequently worked more than 40 hours in a seven day work week.

15. From the time he was provided usual pay of $475 per week, Mr. Campbell worked more than 68 hours in overtime for which he was not given overtime pay.

16. From the time he was promised $475 per week, Defendant Employer paid Mr. Campbell less than $475 per week for those weeks that Mr. Campbell worked less than 40 hours per week.

## FAIR LABOR STANDARDS ACT CLAIM

17. Mr. Campbell reasserts all the allegations in the paragraphs numbered above.

18. At all times relevant herein, Defendant Employer was Mr. Campbell's "employer" within the meaning of the FLSA. 29 U.S.C. 203(d).

19. At all times relevant herein, Defendant employer was responsible for paying wages to Mr. Campbell.

20. At all times relevant herein, Mr. Campbell was employed with Defendant Employer as an "employee" within the meaning of the FLSA. 29 U.S.C. 203(e)(1).

21. Mr. Campbell was not exempt from FLSA's overtime pay requirements.

22. Under the FLSA, an employee must be compensated at least one and one half times his regular rate of pay for each hour worked in excess of forty hours per workweek. 29 U.S.C. 207(a)(1). Defendant Employer violated the FLSA when it failed

to compensate Mr. Campbell at one and one half times his regular rate of pay for each hour that Mr. Campbell worked more than 40 hours per workweek.

23. As a result of Defendant Employer's unlawful conduct, Mr. Campbell suffered an actual loss in an amount to be determined from evidence gathered during discovery.

## BREACH OF CONTRACT FOR WAGES

24. Mr. Campbell reasserts all of the allegations in the paragraphs numbered above.

25. Defendant Employer breached his wage agreement with Mr. Campbell when it failed to pay Mr. Campbell their agreed rate of pay of $475 per week for those weeks during his employment that Mr. Campbell worked fewer than 40 hours per week.

26. As a result of Defendant Employer's breach of its wage agreement with Mr. Campbell, Mr. Campbell suffered a loss of wages when he worked less than 40 hours per week, in an amount to be determined from evidence gathered during discovery.

WHEREFORE, Mr. Campbell asks that this Court enter judgment in his favor:

(1) Against Defendant Employer for damages in an amount to be proven at trial for all unpaid overtime compensation, pursuant to 29 U.S.C. 216(b);

(2) Against Defendant Employer for liquidated damages equal to the actual damages proven in this case, pursuant to 29 U.S.C. 216(b);

(3) Against Defendant Employer for damages to be proven at trial for breach of contract for wages.

(4) Awarding costs and expenses of this action and reasonable legal fees,

payable to the Legal Aid Society of Roanoke Valley, as provided by applicable law pursuant to 29 U.S.C. 216(b); and

    (5)    Awarding all other relief this Court deems just and proper.


LEGAL AID SOCIETY OF ROANOKE VALLEY
    Counsel for Jason O. Campbell
by    */s/ David D. Beidler*
David D. Beidler (bar # 24563)
    Tonia J. Drewery (bar # 78448)
132 Campbell Avenue SW Suite 200
Roanoke, Virginia 24011-1206
(540) 344-2087; fax 342-3064
david@lasrv.org


    I certify that this pleading was filed electronically with the Clerk of the Court using the CM/ECF system and additionally a copy was mailed to defendant on July 13, 2016.

    */s/ David D. Beidler*
    Counsel for Jason O. Campbell